Replevin action by F.E. Godfrey, Jr., against Stanley F. Bryant and Jim Black, as Sheriff of Orange County, Fla. From the judgment, the defendants appeal, and plaintiff files cross-assignments of error.
Defendants' motion to dismiss cross-assignments of error denied.
A final judgment was entered in a replevin action in favor of the defendants below. The defendants appealed from the judgment on the ground that the judgment was not entered in accordance with the terms of the verdict returned by the jury. Within ten days after notice of the appeal had been filed the appellants filed their assignments of error and directions to the clerk of the trial court for making up the transcript of record on appeal. Within ten days thereafter the appellee, who was plaintiff below, filed his cross-assignments of error with the clerk and his directions designating additional portions of the record to be included in the transcript on appeal. The appellants have moved to strike the cross-assignments of error on the ground that an appellee in an appeal from a common law judgment may not file cross-assignments of error unless he also files a cross appeal from the judgment sought to be reviewed.
Final judgments, formerly subject to review by writ of error, are now reviewable by appeal as in equity. Chapter 22854, Laws of Florida 1945, F.S.A. § 59.01 et seq. Such appeals are governed by rules of this court prescribing the procedure to be pursued. Supreme Court Rule 2. Supreme Court Rule 11 prescribes:
"(1) Assignments of Error and Directions to Clerk
"(a) By Appellant. Appeals shall be deemed to have been commenced when the notice of appeal is filed with the Clerk as provided in Rule 2. Within ten days after the notice of appeal is filed, the appellant shall file with the Clerk of the trial court, his assignments of error and directions to the clerk for making up the transcript of record on appeal, the latter to designate the portions of the record, proceedings and evidence to be included. The assignments of error and directions to the Clerk may be combined in one document.
"(b) By Appellee. The appellee shall within ten days after said service is made file with the Clerk of the trial court directions designating additional portions essential to be included in the record on appeal.
"(c) Cross Assignments of Error by Appellee. The appellee may include cross assignments of error with his directions, but the failure of an appellee to file cross assignments of error shall in no event be construed so as to prevent him from thereafter appealing from an adverse ruling.
"(d) Additional Directions by Appellant if Cross Assignments are Filed. If the appellee files cross assignments of error the appellant may within five days file further directions for making up the transcript."
It will be observed that the rule as framed contains no requirement that a party filing cross-assignments of error must also file a cross appeal as a condition precedent to having his cross-assignments reviewed. In the absence of such a requirement in the rules the appellee may file cross-assignments of error addressed to the judgment or decree brought up for review by his adversary's appeal, without being required to take a cross appeal. Compare Hollywood, Inc., v. Clark, 153 Fla. 501, 15 So.2d 175. Under the rule as framed all supposed errors, whether arising in pais or on the record proper, may be reviewed and corrected in one single appeal; provided the errors are duly preserved and presented by appropriate assignments or cross-assignments of error.
It has been properly represented to this Court by counsel for the appellee that appellee has paid to the clerk of the trial court all costs which have accrued in and about the suit up to the time the appeal *Page 219 
was taken. Consequently, this Court is relieved of the necessity of determining whether a plaintiff in a common law action who files cross-assignments of error in an appeal taken by his adversary is required to pay the trial costs as a condition precedent to filing such cross-assignments, as is required of a plaintiff under section 59.09, Florida Statutes 1941, F.S.A., who takes a direct appeal from an adverse judgment.
The motion to dismiss the cross-assignments of error should be denied.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur. *Page 281